CITY OF KEARNEY, APPELLEE, V. CONSUMERS PUBLIC POWER DISTRICT, APPELLANT.
IMPLEADED WITH JOHN NUVEEN & COMPANY ET AL., APPELLEES.

18 N. W. 2d 437

FILED APRIL 27, 1945. No. 31911.

*Clarence A. Davis* and *Paul E. Boslaugh,* for appellant.

*H. L. Blackledge* and *Kenneth H. Dryden,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

The matter presented here at this time is a motion by the appellant, Consumers Public Power District, the purpose of which is to arrest further proceedings on appeal, to reverse the judgment of the district court and to effectually dismiss and dispose of and render for naught all antecedent proceedings in an action by the city of Kearney, Nebraska, to condemn and take over that part of the electric light and power system of the Consumers Public Power District situated in that city.

In order that an understanding may be had of the matter presented it becomes necessary to outline the procedures which by appeal have come to the attention of this court.

On March 2, 1942, the city council of the city of Kearney enacted an ordinance providing for submission to the qualified electors of the question of whether or not the city should acquire the electric light and power system of the Consumers Public Power District in that city under appropriate statutory procedure. The electorate approved the proposal, whereupon the result was duly certified to this court. This court then, pursuant to statute, appointed a court of condemnation. The court of condemnation entered an award fixing the value of the property sought to be condemned at $276,975. From this award the Consumers Public Power District perfected an appeal to the district court. A trial was had in the district court which resulted in a judgment sustaining the award of the court of condemnation. From that judgment the Consumers Public Power District took an appeal to this court. It is to the proceedings leading to

and embraced in this appeal that the present motion is directed.

After the court of condemnation made its award the city council of the city of Kearney enacted an ordinance providing for submission to the electorate of the question of whether or not the city should be empowered to issue and sell revenue bonds for the purpose of raising funds for payment of the cost of acquiring the properties of the Consumers Public Power District. An election was held and the proposition was defeated. Notwithstanding the result of the election the city council enacted an ordinance which provided for the issue and sale of bonds.

Subsequent to the rendition of judgment by the district court, in separate actions, the Consumers Public Power District, on its own behalf, and one Charles E. May, a resident and taxpayer, on his own behalf and all others similarly situated, filed actions to enjoin the city of Kearney from proceeding to condemn the property of the Consumers Public Power District.

The two actions were tried together in the district court and all of the relief prayed by the plaintiffs was denied. Appeals were taken by the plaintiffs therein to this court and here they were presented together and disposed of in a single opinion. The cases are reported as *May v. City of Kearney, Consumers Public Power District v. City of Kearney,* 145 Neb. 475, 17 N. W. 2d 448.

In this court as required by statute (R. S. 1943, sec. 25-1925), the cases being in equity, there was a trial *de novo* which resulted in the reversal of the decree of the district court and a remand to that court for decree in conformity with the opinion.

The basis of the actions to enjoin, to the extent necessary to set it out here, was: (1) That the bonds proposed to be issued and sold were invalid for the reason that they were in violation of section 18-412, R. S. 1943, and (2) that by reason of certain representations, promises and pledges made by the mayor and city council to the electorate during the election upon the question of acquisition of the property,

the city is estopped to issue general obligation bonds under section 19-704, R. S. 1943.

The purport and effect of the former of the two grounds is in nowise in dispute in the motion presented at this time. The parties are in accord as to the purport, effect and finality of this portion of the decision, that is, they are agreed that no such bonds as the city proposed to issue could be issued without a majority vote of the electorate. They are not so in agreement on the second ground.

As to the second, the Consumers Public Power District by its motion says that this court by its opinion in the two injunction cases (*May v. City of Kearney, Consumers Public Power District v. City of Kearney, supra*) declared invalid the election held pursuant to the ordinance under which the question of condemnation was submitted the effect of which was to say that all of the proceedings taken by the city of Kearney to condemn the property of the district were invalid and of no effect, thereby taking from the appeal herein and from all proceedings upon which it depends any justiciable controversy, in other words, that the opinion in those cases removes from this case any determinable issue.

In opposition thereto the city of Kearney contends in effect that nothing was invalidated by the opinion of this court but the procedure upon which it proposed to issue bonds. It contends that the effect of the opinion, properly interpreted, is to sustain the regularity of the election whereat the question of condemnation was submitted and every other step in the condemnation process up to the invalid effort to issue bonds. It contends further that it is not precluded from and has the right to now proceed regularly by election to obtain the consent of the electorate to issue bonds, and, if such consent is obtained, to sell bonds and complete the acquisition of the property of the Consumers Public Power District on the basis of the award of the court of condemnation which award was confirmed by the judgment of the district court, subject of course to the action of this court with regard thereto on appeal.

A determination of this question requires reference to the opinion.

The subject of the proposed bond issue was disposed of by the opinion in the following words: "We find no authority in the statute or other precedent supporting the validity of the bonds proposed to be issued. We can only conclude for the reasons heretofore stated that they are invalid."

Following this pronouncement for 19 paragraphs the opinion deals with the question of the validity of the proceedings antecedent to the proposed bond issue. The subject was introduced by the following: "A declaration of invalidity of the proposed bonds for the reasons above stated, however, does not give plaintiff May all of the relief to which he is equitably entitled or completely determine the issues involved since in any event the city still claims the right to issue general obligation bonds as permitted by section 19-704, R. S. 1943, and will do so unless restrained by the court. In view of this situation we find it necessary to determine whether or not because of certain representations, promises and pledges made by the mayor and city council the city is now estopped from issuing general obligation bonds. In this connection we cannot conclude from the evidence that the representations, promises and pledges were fraudulently made and do not so find but it is undisputed that they were made to the electorate of the city of Kearney as an inducement to a favorable result which was attained in the original election to acquire the property. We do not here intend to pass upon the validity of the election itself to carry out the purposes for which it was represented to be held but confine this part of the opinion to the question of whether the city is now estopped from doing that which its mayor and city council solemnly promised and pledged the electorate they would not do. * * * To preserve self government public officials in charge of, or in obtaining control of, such large public financial and economic operations must be held to strict accountability for promises and pledges made to the electorate who under the law and by their votes confer these powers upon them, in order that the electorate may cast an intelligent ballot and protect their personal and property rights."

It will be noted from this that the court declined to pass upon the validity of the election which was the basis of condemnation but limited itself to a consideration of the question of whether or not the city was estopped to assert any rights thereunder in the light of the solemn promises and pledges of the mayor and city council to induce a favorable result with which promises and pledges there was a failure of compliance.

After exhaustive discussion the subject was closed with the following conclusion: "Therefore, we are of the opinion that the circumstances appearing in the case at bar bring the city of Kearney squarely within the rules above stated, and we conclude that the city is estopped to issue general obligation bonds at this time, its right and power to proceed further and do so, being thereby invalidated until another election is held and other required steps are taken as provided in chapter 19, art. 7, R. S. 1943."

The effect of this conclusion cannot be mistaken when examined with the statutory provisions to which it refers. The conclusion invalidates each and every step of the condemnation process engaged in by the city of Kearney antecedent to the enactment of the ordinance the purpose of which was to cause the issuance and sale of bonds to provide funds to complete the acquisition of the properties of the Consumers Public Power District. It declares that the city may not proceed further "until another election is held and other required steps are taken as provided in chapter 19, art. 7, R. S. 1943."

It was under these provisions that the city proceeded. What it did under these provisions has been nullified. The right of the city of Kearney to condemnation of the property of the Consumers Public Power District must depend upon a new compliance with these provisions.

Neither a motion for rehearing nor one for clarification of the opinion was filed in these cases and mandates have long since been issued. It follows that the opinion as it relates to the subject matter of that action and the parties thereto is binding upon those parties and also on this court.

By reason of the identity of the parties and subject matter of this motion with the parties and subject matter in that case the conclusion of the opinion there is equally binding here.

We conclude therefore that the opinion in *May v. City of Kearney, Consumers Public Power District v. City of Kearney, supra,* has removed from this case any justiciable issue or controversy, and that the relief sought, although but a formality, since proceedings herein have been rendered for naught by the injunctive relief granted in the other cases, ought in some manner to be granted in order that the records of this court and of the district court may be cleared.

The city of Kearney filed no formal response or resistance to the motion of the Consumers Public Power District. They did however present briefs which by filing have become a part of the records of this proceeding. In their briefs they concede that in consequence of the motion the court is required to interpret the opinion in the injunction cases. The statement in the briefs making this concession is the following: "Regardless of the dress in which it may be clothed, the real and only question to be determined on this Motion is the effect that is to be given to the Opinion of this Court in the case of May vs The City of Kearney and Consumers vs The City of Kearney, Nos. 31837 and 31838, filed on January 23, and which will hereinafter be referred to as the 'Injunction Case.'" We conclude that this concession implies consent to the entry of such judgment on that interpretation as is found to be just and proper.

Having arrived at the conclusion that no issue remains to be litigated in this case the motion of Consumers Public Power District to dismiss is sustained and the action is accordingly dismissed.

MOTION SUSTAINED AND
ACTION DISMISSED.